**UNITED STATES of America**

v.

**David STALLING, Appellant.**

**No. 06–4042.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 17, 2008.

Filed: April 23, 2008.

Eric B. Henson, Joseph A. Labar, Office of United States Attorney, Philadelphia, PA, for United States of America.

Joseph D. Mancano, Buchanan Ingersoll & Rooney, Philadelphia, PA, for Appellant.

Before: SLOVITER, JORDAN, and ALARCÓN,* Circuit Judges.

* The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

## OPINION OF THE COURT

ALARCÓN, Circuit Judge.

David Stalling has appealed from the judgment entered following his conviction by a jury of two counts of distribution of five grams or more of cocaine base, and one count of possession with intent to distribute fifty grams or more of cocaine base. He was found not guilty of possession of a firearm in furtherance of a drug trafficking crime.

Stalling filed a notice of appeal on September 7, 2006. On January 4, 2007, his appointed counsel filed a motion to withdraw his representation. On the same date, appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) in which he asserts that "Appellant's appeal presents no issue of even arguable merit." Based on our independent review of the record we conclude that the appeal is without merit. Accordingly, we will grant counsel's motion to withdraw his representation and affirm the District Court's judgment.

### I

Stalling's appointed counsel discusses two ground in his *Anders* brief: (1) whether the evidence was insufficient to support a finding that he was guilty beyond a reasonable doubt of selling cocaine to an undercover officer, and (2) whether the District Court erred in denying his motion to suppress the evidence seized from his residence pursuant to a search warrant because the officers violated the Fourth Amendment by entering Stalling's residence without a prior announcement.

### A

■ In his *Anders* brief, counsel has set forth the relevant facts regarding the identification of Stalling as the person who sold cocaine on two occasions to Issac Caraway, an agent of the Pennsylvania Bureau of Narcotics Investigation and Drug Control. Agent Caraway's testimony implicating Stalling was corroborated by other officers who observed Stalling leave his residence at 5632 Gainor Road, Philadelphia on August 18, 2005, and walk to Agent Caraway's vehicle, and later return to his home. Stalling was also observed entering Agent Caraway's vehicle on August 30, 2005 where Stalling distributed a quarter ounce of crack cocaine to the undercover officer.

Stalling's counsel cited *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and this Court's decision in *United States v. Hart*, 273 F.3d 363 (3d Cir.2001) in support of counsel's conclusion that this evidence was sufficient to persuade a rational trier of fact that this evidence was sufficient to demonstrate that Stalling was guilty of the distribution of crack cocaine on the two occasions alleged in the indictment. We agree.

### B

■ Counsel has properly summarized the evidence presented by the Government regarding Stalling's claim that the officers who executed the search warrant on his residence violated the "knock-and-announce" rule in violation of the Fourth Amendment.

ATF Agent Eric Frye testified that before entering Stalling's residence, he knocked and announced that police officers sought entry to execute a search warrant. After seven to ten seconds, Agent Frye again knocked and identified his purpose of seeking entry. After waiting ten seconds, Agent Frye and other officers entered the residence. Stalling testified that the officers did not knock or identify themselves before forcibly entering his residence.

The District Court found that Agent Frye's testimony was credible and concluded that the "knock-and-announce" rule had

not been violated. Stalling's counsel asserts in his *Anders* brief that the record shows that the District Court's finding that Agent Frye knocked and announced his presence was not clearly erroneous.

## II

"In *Anders,* the Supreme Court established guidelines for a lawyer seeking to withdraw from a case where the indigent defendant he represents wishes to pursue frivolous arguments on appeal." *United States v. Youla,* 241 F.3d 296, 299 (3d Cir.2001). In Third Circuit Local Appellate Rule 109.2(a) this court has adopted a rule that "reflects the guidelines the Supreme Court promulgated in *Anders* to assure that indigent clients receive adequate and fair representation." *Id.* at 300. "The Court's inquiry when counsel submits an *Anders* brief ... is twofold: (1) whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.*

In this matter, counsel has fulfilled the requirements for an *Anders* brief set forth in Rule 109.2(a). Counsel has set forth the issues his client wishes to present to this Court and examined the record to determine whether they are nonfrivolous under *controlling authority.*

We have looked at the record independently to determine whether we agree with counsel's conclusions. The evidence presented at trial, when viewed in the light most favorable to the Government as the prevailing party, is sufficient to persuade a rational trier of fact that Stalling was guilty of selling crack cocaine to Agent Caraway.

After the District Court denied Stalling's motion to suppress in this matter the Supreme Court held in *Hudson v. Michigan,* 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006) that a violation of the knock-and-announce rule does not require

that evidence seized in executing a search warrant must be suppressed. *Id.* at 594, 126 S.Ct. 2159. Accordingly, this issue is also meritless.

## III

Stalling was notified by the Clerk of this Court, in a letter dated January 24, 2007, that his attorney had filed a motion to withdraw as counsel because he believed that this appeal is frivolous. He was notified that he could file a formal or informal brief within thirty days to raise any points he wished to raise to challenge his conviction on his residence.

Stalling did not file a brief in response to this notice.

## CONCLUSION

We conclude that counsel complied with the requirements of an appropriate *Anders* brief pursuant to Rule 109.2(a). Our independent review of the record has not revealed any nonfrivolous issue that could be raised on appeal. Accordingly, counsel's motion to withdraw his representation is granted. The judgment is AFFIRMED.